UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE

CARL J. SELENBERG

CIVIL ACTION

NO: 15-5022

SECTION: "H"(2)

ORDER AND REASONS

Before the Court is an appeal by Carl J. Selenberg from a decision of the United States Bankruptcy Court for the Eastern District of Louisiana. The decision of the Bankruptcy Court is **AFFIRMED** for the following reasons.

BACKGROUND

This matter comes before the Court on appeal of the judgment in an adversary proceeding brought by Dianne Bates against Carl J. Selenberg. The core facts of this case are not seriously disputed. Mrs. Bates was seriously injured in an accident on March 11, 2008. She thereafter retained attorney Robert Faucheaux to represent her; however, Mr. Faucheaux allowed her

personal injury claim to prescribe.  After Mr. Faucheaux notified Mrs. Bates that she had a malpractice claim against him, she retained the debtor, attorney Carl Selenberg, to represent her in her malpractice claim against Faucheaux.

Selenberg made multiple attempts to file a malpractice against Faucheaux, all of which were dismissed for various procedural deficiencies. Selenberg informed Mrs. Bates of this fact but told her that he had no malpractice insurance and no money to pay her.  He then met with Mrs. Bates and her husband and offered to sign an unsecured promissory note in the amount of $275,000, telling her that one of his cases might pay out in the future and at that point he might be able to compensate her for her loss.  Mrs. Bates accepted this offer, and on or about December 16, 2011, Selenberg executed the promissory note.

No payments were ever made on the promissory note.  Accordingly, Mrs. Bates filed suit on the note in state court on November 19, 2013.  On February 25, 2014, Selenberg filed a petition for relief under Chapter 7 of the Bankruptcy Code, which stayed the suit pending in state court.  Mrs. Bates thereafter filed an adversary proceeding in the Bankruptcy Court seeking to have the debt referenced by the promissory note declared non-dischargeable under Sections 523(a)(2)(A) and 523(a)(2)(B) of the Bankruptcy Code.  Following trial of the matter, the Bankruptcy Court found that the debt was non-dischargeable pursuant to Section 523(a)(2)(A) of the Bankruptcy Code.  Selenberg appeals this ruling.

## LEGAL STANDARD

Where a district court sits as an appellate court in a bankruptcy case, "[t]he bankruptcy court's findings of fact are reviewed under a clear error standard, while conclusions of law are reviewed de novo."[1] Mixed questions of law and fact are reviewed de novo.[2]

## LAW AND ANALYSIS

Section 523(a)(2) of the Bankruptcy Code states that a discharge under Section 727 of the Code does not discharge a debt:

> for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[3]

The Bankruptcy Court found that the debt at issue was nondischargeable under both an "actual fraud" theory and a "false pretenses or false representations" theory. In order for a claim to be nondischargeable under an "actual fraud" theory, the Fifth Circuit has held that a creditor must prove that

> (1) the debtor made representations; (2) at the time they were made the debtor knew they were false; (3) the debtor made the representations with the intention and purpose to deceive the creditor; (4) that the creditor relied on such representations and; (5)

---

[1] *In re Amco Ins.*, 444 F.3d 690, 694 (5th Cir.2006).
[2] *In re ASARCO, L.L.C.*, 702 F.3d 250, 257 (5th Cir. 2012)
[3] 11 U.S.C. § 523.

3

>that the creditor sustained losses as a proximate result of the representations[4]

In order for a claim to be nondischargeable under a "false pretenses or false representations" the creditor must prove that (1) the debtor's representation was a knowing and fraudulent falsehood; (2) the falsehood must have been describing past or current facts; and (3) the falsehood was relied on by another party.[5]

Selenberg assigned the following issues for appeal:

>1. Did the Trial Judge Err in finding that the debtor (Selenberg) obtained any money or property from the alleged creditor, (Dianne Bates), which is a requirement for a debt to be non-dischargeable under Section 523(a)(2)(A) of the Bankruptcy code.
>2. The Trial Judge Erred in finding that the debtor lost her chance to pursue Carl Selenberg on a malpractice action, where six (6) months after received the promissory note, she filed a malpractice claim with the Louisiana Attorney Disciplinary Board on June 19, 2012, and retained that right until December 16, 2012.
>3. The Trial Judge Erred in finding that Carl Selenberg made false representations without specifying their contents or to what they applied.

---

[4] *In re Ritz*, 787 F.3d 312 (5th Cir. 2015) (quoting *RecoverEdge L.P. v. Pentecost,* 444 F.3d 1284, 1293 (5th Cir. 1995)). The Supreme Court recently reversed the Fifth Circuit in this case, holding that false representations are not required to prove "actual fraud." *Husky Int'l Elecs., Inc. v. Ritz*, No. 15-145, 2016 WL 2842452, at *4 (U.S. May 16, 2016). The Court held that actual fraud encompasses other traditional forms of fraud that can be accomplished without a false representations, such as fraudulent conveyance of property made to evade payment to creditors. This holding does not, however, impugn the Bankruptcy Court's analysis under this test, as false representations, though not required, may certainly support a finding of actual fraud.

[5] *RecoverEdge L.P. v. Pentecost,* 44 F.3d 1284, 1293 (5th Cir. 1995).

>4. The trial Judge Erred in finding that legal counsel, other than Carl Selenberg, could have done something for Bates, other than filing a malpractice claim or filing a suit to recover on the promissory note, all of which actions Mrs. Bates did pursue.
>5. The Trial Judge Erred in finding that Mrs. Bates sustained a lost, but failed to identify the loss in money or property.[6]

As a preliminary matter, the Court notes that its review of this appeal is complicated by the fact that Debtor's five "Issues on Appeal" do not correspond to the arguments developed in his memorandum. Nevertheless, this Court's review of the Bankruptcy Court's ruling is limited to the issues included in the statement of issues presented on appeal.[7] After a review of the pleadings, it appears that his primary argument is that the debt is dischargeable because he did not receive money or property by means of fraud and that Mrs. Bates did not lose property as a result of the fraud. Nevertheless, the Court will address each of Selenberg's issues on appeal separately.

**I. Issue 1: Did the Trial Judge Err in finding that the debtor (Selenberg) obtained any money or property from the alleged creditor, (Dianne Bates), which is a requirement for a debt to be non-dischargeable under Section 523(a)(2)(A) of the Bankruptcy code.**

In his first issue for appeal, Selenberg avers that the Bankruptcy Court erred in finding the debt nondischargeable because he did not obtain any money or property from Mrs. Bates. This alleged error relies on a misstatement of the text of Section 523(1)(2)(A). Contrary to Selenberg's

---

[6] Doc. 4.
[7] *In re GGM, P.C.,* 165 F.3d 1026, 1031 (5th Cir. 1999).

5

assertions, the Bankruptcy Code does not require that a debtor obtain money, property, or services by his deception; rather, Section 523(a)(2)(A) also extends to a debtor who obtains an "extension, renewal or refinancing of credit." "An extension, within the meaning of § 523(a)(2)(A), is an indulgence by a creditor giving his debtor further time to pay an existing debt."[8] The Bankruptcy Court found that the weight of the evidence indicated that Selenberg's fraudulent misrepresentations were intended to induce Mrs. Bates to forego any attempts to collect on a malpractice claim until he could pull together some funds to pay her. It found that he induced Mrs. Bates into forbearing collection efforts on her malpractice claim for at least two years, during which time any potential malpractice claim she might have had prescribed. Because the evidence supports the Bankruptcy Court's finding on this matter, the Court finds that this issue of appeal is without merit.

**II. Issue 2: The Trial Judge Erred in finding that the debtor lost her chance to pursue Carl Selenberg on a malpractice action, where six (6) months after received the promissory note, she filed a malpractice claim with the Louisiana Attorney Disciplinary Board on June 19, 2012, and retained that right until December 16, 2012.**

Selenberg next avers that the Bankruptcy Court erred in "finding that the debtor lost her chance to pursue Carl Selenberg on a malpractice action . . .

---

[8] *In re Rollins*, No. 06 10549, 2007 WL 2319778, at *6 (Bankr. E.D. La. Aug. 10, 2007) (internal quotations omitted).

. ." This assignment of error appears to be directed at Selenberg's contention the debt at issue cannot be nondischargeable because Mrs. Bates did not lose anything as a result of fraud. Accordingly, he avers that the fifth element of actual fraud is unsatisfied, as it requires that "the creditor sustain[] losses as a proximate result of the representations."[9] The Bankruptcy Court found, however, that Mrs. Bates lost her ability to pursue a malpractice claim against Selenberg as a result of her reliance on his misrepresentations. Selenberg contends, however, that the fact that Mrs. Bates pursued an attorney disciplinary action against him after accepting the promissory note indicates that she did not sustain a loss. This argument ignores the distinction between an attorney disciplinary action, such as the one instituted by Mrs. Bates, and a civil malpractice action, which Mrs. Bates is now time-barred from bringing. This Court perceives no clear error in the Bankruptcy Court's factual finding that Mrs. Bates suffered a loss based on her reliance on Selenberg's assertions that taking the promissory note and foregoing a malpractice suit was her only option.

**III. Issue 3: The Trial Judge Erred in finding that Carl Selenberg made false representations without specifying their contents or to what they applied.**

Selenberg's third issue for appeal avers that the Bankruptcy Court erred "in finding that Carl Selenberg made false representations without specifying

---

[9] *In re Ritz*, 787 F.3d 312 (5th Cir. 2015) (quoting *RecoverEdge L.P. v. Pentecost,* 444 F.3d 1284, 1293 (5th Cir. 1995)).

7

their contents or to what they applied." This assertion is not supported by the plain language of the Bankruptcy Court's opinion. Fraud may be based on any type of conduct calculated to convey a misleading impression.[10] A breach of a lawyer's duty to disclose imposed by the rules of professional conduct constitutes a false misrepresentation under Section 523(a)(2)(A).[11]

In this matter, Selenberg was bound by Louisiana Rule of Professional Conduct 1.8(h), which states that a lawyer may not "settle a claim or potential claim for [malpractice] liability with an unrepresented client or former client unless that person is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel in connection therewith." The undisputed evidence introduced at trial of this matter, as found by the Bankruptcy Court, indicates that Selenberg failed to advise Mrs. Bates of the desirability of independent counsel prior to executing the promissory note that effectively constituted a settlement of her malpractice claim, and that he knew or should have known of the applicability of the Rules of Professional Conduct. This Court agrees with the Bankruptcy Court's findings on this issue. Accordingly, Selenberg's third issue for appeal is without merit and the first and second elements of "actual fraud" are satisfied.

**IV. Issue 4: The trial Judge Erred in finding that legal counsel, other than Carl Selenberg, could have done something for Bates, other than**

---

[10] *In re Acosta*, No. 00-1249, 2003 WL 23109775, at *14 (E.D. La. Dec. 30, 2003), aff'd, 406 F.3d 367 (5th Cir. 2005).

[11] *In re Young*, 91 F.3d 1367, 1373 (10th Cir. 1996); *In Re Tallant*, 218 B.R. 58, 65 (B.A.P. 9th Cir. 1998).

8

**filing a malpractice claim or filing a suit to recover on the promissory note, all of which actions Mrs. Bates did pursue.**

The Court is unable to clearly discern the issue that Selenberg attempts to raise with this assignment of error. He appears to argue that Mrs. Bates did not sustain a loss as required to support a finding of actual fraud because independent counsel could not have pursued any course of action that Mrs. Bates did not pursue on her own. Once again, this argument blurs the distinction between an attorney malpractice complaint, which Mrs. Bates is now time-barred from bringing, and an attorney disciplinary action, which Mrs. Bates did pursue. The Bankruptcy Court noted that independent counsel "could have (and probably would have) advised her to sue him . . . ." She lost that opportunity due to Selenberg's fraud, which caused her to forgo collection efforts until after any possible malpractice suit had prescribed.

**V. Issue 5: The Trial Judge Erred in finding that Mrs. Bates sustained a lost, but failed to identify the loss in money or property.**

This issue for appeal appears to be a broader assertion of Selenberg's second and fourth issues on appeal, in that he avers that the Bankruptcy Court failed to find that Mrs. Bates suffered a loss sufficient to render the debt nondischargerable as required to prove an actual fraud theory. Contrary to his assertions, the Bankruptcy Court clearly identified the loss sustained by Mrs. Bates—her opportunity to pursue a malpractice claim. As noted above, a loss need not be framed in terms of money or property but also extends a debtor

who obtains an "extension, renewal or refinancing of credit."[12]  This assignment of error is, accordingly, without merit.

## CONCLUSION

For the forgoing reasons, the decision of the Bankruptcy Court is **AFFIRMED**.

New Orleans, Louisiana this __27__th day of May, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[12] Section 523(a)(2)(A)